**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS/ST. JOHN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IN RE: INNOVATIVE COMMUNICATION CORPORATION, | ) ) ) | Case No. 07-30012 (MFW) |
| Debtor. | ) ) | |
| _____ | ) ) | |
| STAN SPRINGEL, TRUSTEE | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. P. No.: 09-3070 (MFW) |
| ROBERT F. CRAIG P.C., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Robert F. Craig P.C. (the "Defendant") to Dismiss the Complaint filed by Stan Springel (the "Trustee"), the chapter 11 trustee of the bankruptcy estate of Innovative Communication Corporation ("New ICC"). For the reasons set forth below, the Court will grant the Motion.

I. BACKGROUND

On February 10, 2006, involuntary chapter 11 cases were filed against Innovative Communication Company, LLC ("ICC-LLC"),

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure. Accordingly, the facts recited herein are as averred in the Complaint, which must be presumed as true for the purposes of this Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Emerging Communications, Inc. ("Emerging"), and Jeffrey J. Prosser.[2]  Thereafter, ICC-LLC, Emerging and Prosser filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  ICC-LLC is a holding company that owns approximately 51% of Emerging, which owns 100% of New ICC.  On March 15, 2007, Stan Springel was appointed the Trustee of ICC-LLC and Emerging.

On July 5, 2007, an involuntary chapter 11 case was filed against New ICC.  Thereafter, New ICC filed a voluntary petition for relief under chapter 11.  New ICC is a holding company which has various operating subsidiaries that provide telephone, newspaper, and other services to the citizens of the United States Virgin Islands, British Virgin Islands, surrounding Caribbean locations and portions of France.  Stan Springel was later appointed the Trustee of New ICC.

On September 19, 2009, the Trustee commenced the above adversary proceeding by filing a complaint against the Defendant (the "Complaint"), which seeks to recover certain pre-petition transfers (the "Transfers") as fraudulent pursuant to section 548(a)(1)(A) ("Count I"), section 548(a)(1)(B) ("Count II"), section 544 and New York law ("Count III"), section 544 and Florida law ("Count IV"), and section 544 and United States Virgin Islands law ("Count V").  In the alternative, the Trustee

---

[2] Prosser was the chairman of the board, CEO and president of ICC-LLC.

2

seeks to recover the Transfers as preferential under section 547 ("Count VI").

The Defendant filed a Motion to Dismiss on November 10, 2009, alleging that (i) the Trustee failed to meet the pleading requirements under Rule 9(b), (ii) the action is time-barred by V.I. Code Ann. tit. 5, § 31(5)(A) and 11 U.S.C. § 548, (iii) the action is barred by the doctrine of judicial estoppel, and (iv) New York and Florida law do not apply to the action.  On February 1, 2010, the Trustee filed a response to the Motion.  Briefing is complete and the matter is ripe for decision.

II. JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding.  28 U.S.C. §§ 1334(b) & 157(b)(1).  Many of the counts are core matters.  28 U.S.C. § 157(b)(2)(F).  The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks the authority to enter a final order on the merits.  See, e.g., In re Trinsum Grp., Inc., 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After Stern v. Marshall, the ability of bankruptcy judges to enter interlocutory orders in proceedings . . . has been reaffirmed . . . ."); Boyd v. King Par, LLC, Case No. 11-CV-1106, 2011 WL 5509873, at *5 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final

judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

III. DISCUSSION

    A.   12(b)(6) Failure to State a Claim for Relief

The Defendant argues that the Complaint should be dismissed for failure to state a claim because the causes of actions regarding the Transfers are barred by: (1) the two-year reach-back provision under section 548, (2) judicial estoppel, (3) the laws of the United State Virgin Islands, and (4) the 90-day preference period under section 547.

        1.   Standard of Review

For the Trustee to survive a Rule 12(b)(6) motion, his claims must meet the standards of pleading. The Supreme Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) have shifted federal pleading standards from notice pleading to a heightened standard of pleading. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This heightened pleading requirement applies to all civil suits in federal courts. Id.

To survive a motion to dismiss under the new pleading standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

4

its face." Iqbal, 556 U.S. at 678.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "[A] pleading offering only labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Fowler, 578 F.3d at 210.  "Courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable."  Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000).  A court must "draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner."  Id.

Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief."  Id.

Courts must conduct a two-part analysis.  Fowler, 578 F.3d at 210.  "First the factual and legal elements of a claim should be separated," with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but . . . disregard[ing]

5

any legal conclusions." Id. at 210-11.  Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  Id.

      2.   <u>Two-Year Limitation Statute</u>

The Defendant argues that the Trustee's recovery is barred by the Virgin Islands' two-year statute of limitations for fraudulent conveyances and by section 548's two-year look back period.  The Virgin Islands' limitation statute states:

> Two years- (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

V.I. Code Ann. tit. 5, § 31(5) (2012).  See <u>Montgomery v. Estate of Griffith</u>, 49 V.I. 255 (2008) (holding that the two-year limitations period applied to actions for common law fraud).  Alternatively, the Defendant argues that section 548(a)(1) provides that "[t]he trustee may avoid any transfer . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition . . . ."  11 U.S.C. § 548(a)(1).

The Defendant asserts that the Trustee is seeking the recovery of payments in the sum of $913,351.25 made by New ICC to the Defendant between December 31, 2001, and January 11, 2005.

The involuntary petition against New ICC was filed on July 5, 2007. Therefore, the Defendant argues that the claims are beyond the two-year statute of limitations and reach-back period.

The Trustee responds that the Transfers are not time-barred because, in fact, four of the five transfers to the Defendant were made within the two-year period prior to the petition date. The Trustee notes that the Complaint seeks to recover five transfers from the Defendant in the aggregate amount of $209,087.71. (Adv. D.I. 1 at ¶ 9.) The Complaint identified the five transfers as those listed on Exhibit A dated May 27, 2004, February 15, 2006, May 26, 2006, July 21, 2006, and August 28, 2006.[1] Therefore, according to Exhibit A, the only transfer outside the two-year reach-back period was the first transfer dated May 27, 2004.

The Court finds that because it is clear from the face of the Complaint that some of the transfers to the Defendant are not time-barred, the Court will deny the Defendant's Motion to Dismiss Counts I, II and V on this basis.

### 3. Judicial Estoppel

The Defendant also argues that the Complaint is barred by the doctrine of judicial estoppel because the Trustee's position

---

[1] It is appropriate at the motion to dismiss stage to consider documents specifically referenced in the Complaint. See, United States ex. rel. Lee v. Corinthian Colls., 655 F.3d 984, 993 n.4 (9th Cir. 2011); Angstandt v. Mid-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004).

in the instant adversary proceeding is inconsistent with his position in Adversary Proceeding No. 07-3010 (the "Turnover Proceeding")[2].

The standard for the application of judicial estoppel is: "first, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in bad faith; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient." Chao v. Roy's Constr., Inc., 517 F.3d 180, 186 n.5 (3d Cir. 2008). "[J]udicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 262 (3d Cir. 2009). "Judicial estoppel is only appropriate when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 324 (3d Cir. 2003) (internal citations omitted).

The Defendant asserts that in the Turnover Proceeding Jeffrey Prosser was being sued for payments listed on Exhibit TT-60, which included the Transfers at issue in this adversary proceeding. The Defendant argues that the Trustee unequivocally

---

[2] The Turnover Proceeding was filed against Jeffrey J. Prosser, Dawn Prosser, Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett, and Lyndon A. Prosser.

8

asserted on numerous occasions in the Turnover Proceeding that the action was one for turnover of property of the estate to avoid the applicable statute of limitations for fraudulent transfers.  As a result, the Trustee obtained relief in the form of a Temporary Restraining Order and Preliminary Injunction relating to that property.

The Trustee responds that although the Transfers were listed on Exhibit TT-60 at the trial in the Turnover Proceeding, the Trustee was not seeking recovery of those Transfers in the Turnover Proceeding.  The Trustee argues that it merely made reference to the Transfers in the Turnover Proceeding to explain the nature and broad extent of Jeffrey Prosser's wrongdoing.  In the Turnover Proceeding, the Trustee was seeking to recover real and personal property identified on Exhibits TT-47 and TT-48, not the Transfers included on Exhibit TT-60.

The Court agrees with the Trustee and finds that the Transfers at issue in the current adversary proceeding were not related to the property which was the subject of the Turnover Proceeding.  Thus, the Court will deny the Defendant's Motion to Dismiss on the basis of judicial estoppel.

    4.   Florida and New York Law

The Defendant seeks to dismiss Counts III and IV because it contends that the Complaint improperly uses Florida and New York law as the controlling law.  Counts III and IV contain the same

allegations but each count applies the law of a different jurisdiction.

The Complaint does not state that a specific state law should govern as the controlling law. The Trustee responds that the Restatement (Second) of Conflicts of Law could determine that either New York, the United States Virgin Islands, or Florida is the law that should govern with respect to the section 544 cause of action. Therefore, the Trustee pleads in the alternative a section 544 cause of action under the laws of New York, Florida, and the United States Virgin Islands.

Rule 8(d)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure, allows parties to plead in the alternative. See 5 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1282 (3d ed. rev. 2008) ("[I]n a complex legal environment flexible pleading [is] essential to a full presentation of all relevant facts and legal theories at trial and the final settlement of disputes on their merits. Consequently, under Rule 8[(d)(2)], a party may plead alternatively or hypothetically within a single count or defense, or assert separate claims or defenses in an alternative or multiple manner."). Therefore, the Complaint's assertions of a section 544 claim under Virgin Islands law does not bar the other section 544 claims under the laws of New York and Florida. <u>See,</u>

10

e.g., Rodriguez-Suris v. Montesinos, 123 F.3d 10, 20 (1st Cir. 1997) (Rule 8(d)(2) allows inconsistent positions in the pleadings, and "[e]specially at the early stages of litigation, a party's pleading will not be treated as an admission precluding another, inconsistent pleading."); Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985) ("[A] policy which permits one claim to be invoked as an admission against an alternative or inconsistent claim would significantly restrict, if not eliminate, the freedom to plead inconsistent claims provided by Rule 8(e)(2).").

Thus, the Court will deny the Defendant's Motion to Dismiss the Complaint on this basis.

### 5. Preferential Transfer

The Defendant also seeks to dismiss Count VI of the Complaint asserting that the Trustee fails to state a claim upon which relief can be granted under section 547. The purpose of the preference pleading requirements is "to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided." Geller v. The Lenick Co. (In re Crucible Materials, Corp.), Adv. No. 10-55178, 2011 WL 2669113, at *3 (Bankr. D. Del. July 6, 2011).

To provide sufficient notice to the defendant, courts have determined that a preference complaint must include: "(a) an identification of the nature and amount of each antecedent debt

and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee, and (iv) the amount of the transfer." OHC Liquidation Trust v. Credit Suisse First Bost. (In re Oakwood Homes Corp.), 340 B.R. 510, 522 (Bankr. D. Del. 2006). See also Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 192 (Bankr. D. Del. 2003).

In this case, the Defendant argues that the Complaint fails to allege which transfers were made within 90 days of the Petition Date.

The involuntary petition was filed on July 5, 2007. As noted above, according to Exhibit A to the Complaint, the last transfer to the Defendant was received on August 28, 2006, well before the 90-day preference period. The Complaint does not allege that the Defendant was an insider of New ICC.[3] Therefore, the Court finds that Count VI fails to state a claim for relief. The Court will grant the Defendant's Motion to Dismiss Count VI.

B.    Pleading Fraud with Particularity

The Defendant also argues that the Trustee failed to plead with particularity that the Transfers constituted actual fraud under sections 548(a)(1)(A) and 544 or constructive fraud under sections 548(a)(1)(B) and 544.

---

[3] Transfers to insiders are avoidable as preferences if they were made within one year before the petition date. 11 U.S.C. § 547(b)(4)(B).

12

       1.    <u>Actual Fraud</u>

Under Counts I and III through V, the Trustee asserts that the Transfers were actually fraudulent pursuant to section 548(a)(1)(A) and 544, under the applicable laws of New York, Florida, and the United States Virgin Islands.  The Defendant argues that the Trustee did not plead fraud with the particularity required by Rule 9(b).

Section 548(a)(1)(A) provides that a trustee may avoid transfers of interests in the debtor's property occurring within two years prior to the petition date if the debtor "made such transfer . . . with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . ., indebted."  11 U.S.C. § 548(a)(1)(A).

Section 544, in turn, authorizes the avoidance of transfers of interests in a debtor's property that are avoidable by unsecured creditors under applicable state law.  11 U.S.C. § 544(b)(1).  Here, the Trustee asserts that the Transfers are avoidable under the applicable state law, including the New York Fraudulent Conveyance Act, the Virgin Island Fraudulent Conveyance Act, and the Florida Uniform Fraudulent Transfer Act. The elements of an avoidable actually fraudulent transfer under the Uniform Fraudulent Transfer Act ("UFTA") and the Uniform Fraudulent Conveyance Act ("UFCA") do not substantially vary from

the elements set forth in section 548(a)(1)(A).  See <u>Charys Liquidating Trust v. Growth Mgmt., LLC (In re Charys Holding Co., Inc.)</u>, Bankr. No. 08-10289, 2010 WL 2774852, at *5 (Bankr. D. Del. July 14, 2010).

Where a party asserts a fraudulent conveyance claim for actual fraud, the complaint must set forth facts with sufficient particularity to apprise the defendant of the charges against him so that he may prepare an adequate answer.  <u>Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)</u>, 327 B.R. 711, 718 (Bankr. D. Del. 2005).  To provide fair notice, the complaint must go beyond merely parroting the statutory language.  <u>Id.</u>  See also <u>Burtch v. Dent and Co., Inc. (In re Circle Y of Yoakum, Tex.)</u>, 354 B.R. 349, 356 (Bankr. D. Del. 2006).

Rule 9(b) requires a plaintiff asserting an actual fraud to plead:

> (1) a specific false representation of material fact;
> (2) knowledge by the person who made it of its falsity;
> (3) ignorance of its falsity by the person to whom it was made;
> (4) the intention that it be acted upon; and
> (5) the plaintiff acted upon it to his damage

<u>Shapiro v. UJB Fin. Corp.</u>, 964 F.2d 272, 284 (3d Cir. 1992).  See also <u>Charal Inv. Co., Inc. v. Rockefeller (In re Rockefeller Ctr. Props., Inc. Sec. Litig.)</u>; 311 F.3d 198, 216 (3d Cir. 2002); <u>Fin. Trust Co., Inc. v. Citibank, N.A.</u>, 351 F. Supp. 2d 329, 330 (D. V.I. 2004).  Although stating the "date, place, and time" clearly

14

fulfills this requirement, plaintiffs may use any alternative method of "injecting precision and some measure of substantiation" into the allegations of fraud.  <u>Seville Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984).

The Defendant contends that the Trustee's Complaint merely recites the elements of a statutory fraudulent conveyance claim without pleading any alleged predicate acts.  The Defendant states that other than conclusory allegations that parrot the statutory language, the adversary complaints filed by the Trustee against numerous defendants in the New ICC case differ only by the names of the defendants, the amount at issue, and the date of the payments.

The Court agrees with the Defendant and finds that the Trustee has failed to state adequately a claim for actual fraud in the Complaint.  The Complaint fails to reveal any factual information about the alleged fraudulent activities.  Simply stating that Jeffrey Prosser disguised the true nature of the Transfers and caused New ICC to enter into transactions with no legitimate business purpose is insufficient.  The Complaint provides no explanation as to the nature of any specific wrongful act supposedly committed by the Defendants or Jeffrey Prosser, such as identifying when the misrepresentations occurred, who made them, what they entailed, whether they were intentional,

15

whether they were repeated, or what assets were fraudulently converted.  See e.g., Unsecured Creditors' Comm. v. Banque Paribas (In re Heartland Chems.), 103 B.R. 1012, 1015 (Bankr. C.D. Ill. 1989) (holding that Rule 9 requires allegations in the complaint that plead how, when, and where the fraud occurred).  The Trustee's allegations are simply recitations of the statutory language and fail to establish a plausible claim for actual fraud.  See e.g., Circle Y, 354 B.R. at 356 (holding that to plead fraud, the Trustee cannot merely recite the statutory elements).  Thus, the Court will grant the Defendant's Motion to Dismiss the actual fraud claims of Counts I and III through V of the Complaint.

    2. Constructive Fraud

In Counts II and III through V, the Trustee also asserts that the Transfers were constructively fraudulent pursuant to sections 548(a)(1)(B) and 544, under the applicable laws of New York, Florida, and the United States Virgin Islands.

The Defendant again asserts that the Trustee has failed to meet the heightened pleading standard required by Rule 9(b).  See Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

Section 548(a)(1)(B) authorizes the avoidance of transfers of interests in the debtor's property occurring within two years prior to the petition date if the debtor "received less than a reasonably equivalent value in exchange for such transfer or

16

obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred . . . ." 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I).

As explained above, section 544 authorizes avoidance of transfers under applicable state law. 11 U.S.C. § 544(b)(1). Plaintiffs here have alternatively pled claims under the constructively fraudulent conveyance laws of New York, Florida, and the United States Virgin Islands. These laws do not meaningfully vary from the requirements of section 548(a)(1)(B) for present purposes. See Charys, 2010 WL 2774852, at *6.

A claim of constructive fraud "need not allege the common variety of deceit, misrepresentation, or fraud in the inducement . . . because the transaction is presumptively fraudulent and all that need be alleged is that the conveyance was made without fair consideration while Debtor was functionally insolvent." Global Link, 327 B.R. at 718. See also, Astropower Liquidating Trust v. Xantrex Tech., Inc. (In re Astropower Liquidating Trust), 335 B.R. 309, 333 (Bankr. D. Del. 2005).

Nonetheless, the Defendant argues that Counts II through V are not sufficiently pled because the Trustee merely parrots the language of section 548(a)(1)(B). Specifically, the Defendant asserts that the Trustee failed to plead that New ICC was insolvent or that New ICC received less than reasonably

17

equivalent value in exchange for the transfers.  See 11 U.S.C. § 548(a)(1)(B)(i)-(ii).  The Trustee must do more than simply allege the statutory elements of a constructive fraud action.  Global Link, 327 B.R. at 718.  A party receives reasonably equivalent value for what it gives up if it gets roughly the value it gave.  Walker v. Sonafi Pasteur (In re Aphton Corp.), 423 B.R. 76, 89 (Bankr. D. Del. 2010) (internal citations omitted).  To plead lack of reasonably equivalent value exchanged sufficiently, therefore, the Trustee must present some information of the value of what New ICC received in exchange for the Transfers.  The Complaint fails to do so.

Similarly, to adequately plead insolvency, the Trustee must present some information of New ICC's financial status at the time of the Transfers.  See, e.g., Global Link, 327 B.R. at 717 (holding that a claim under section 548 is insufficient when it "simply alleges the statutory elements of a constructive fraud action under section 548(a)(1)(B)").  But see Zazzali v. Mott (In re DBSI, Inc.), 447 B.R. 243, 247-48 (Bankr. D. Del. 2011) (holding that insolvency was sufficiently pled when plaintiff alleged debtors never realized a profit, its liabilities exceeded its assets, the debtors relied solely on investment money, and the debtors failed to properly account for assets and liabilities); Charys, 443 B.R. at 636 (holding that insolvency was sufficiently pled when complaint detailed working capital

18

deficit, balance sheet numbers, and overvalued assets).

Here, the Complaint merely provides a near-verbatim recitation of the statutory elements of section 548 without providing any facts to support the Trustee's assertion that New ICC was insolvent or became insolvent as a result of the Transfers or that New ICC received less than reasonably equivalent value in exchange for the Transfers.  Therefore, the Court concludes that the Trustee has failed to state a cause of action for constructive fraud as required by Rule 9(b) and the laws of New York, Florida, and the United States Virgin Islands. Thus, the Court will grant the Defendant's Motion to Dismiss Counts II through V of the Complaint as to the constructively fraudulent claims as well.

    C.   Leave to Amend

Normally, when granting a motion to dismiss, leave will be freely granted to amend the complaint. See, e.g., Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) (holding that the court should generally grant leave to amend a complaint dismissed for failure to state a claim); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (noting that a presumption exists in favor of granting the moving party leave to amend); Burtch v. Henry Prod., Inc. (In re AE Liquidation, Inc.), Adv. No. 10-55478, 2012 WL 32589, at *2 (Bankr. D. Del. Jan. 6, 2012) (holding that leave to amend should be freely given in the

19

absence of undue delay, bad faith, undue prejudice, or futility).

In this case, the Court does not find bad faith, undue delay prejudice, or futility. The Court will, therefore, grant the Trustee 30 days to amend the Complaint.

IV. CONCLUSION

For the reasons set forth above, the Court will grant the Defendant's Motion to Dismiss Counts I through VI of the Complaint.[4] The Trustee, however, may amend the Complaint within 30 days.

An appropriate order is attached.

Dated: April 26, 2013                    BY THE COURT:

                                         /s/ Mary F. Walrath
                                         Mary F. Walrath
                                         United States Bankruptcy Judge

---

[4] Because the Trustee's avoidance claims all fail to state a claim for relief, his related claims to recover the value of the Transfers, under section 550(a) and to disallow Defendant's claims under section 502(d) and (j) also must fail.